**XIAO YUN OU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Michael B. Mukasey,[1] Respondents.**

No. 07–1712–ag.

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

Dehai Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Office of Immigration Litigation, Holly M. Smith, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xiao Yun Ou, a citizen of China, seeks review of an April 3, 2007 order of the BIA affirming the December 8, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom pretermitting Ou's application for asylum and denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiao Yun Ou,* No. A 97

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as a respondent in this case.

452 605 (B.I.A. Apr. 3, 2007), *aff'g* No. A 97 452 605 (Immig. Ct. N.Y. City Dec. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

▮ This Court does not have jurisdiction to review the agency's pretermission of Ou's asylum application. Under the terms of 8 U.S.C. § 1158(a)(3), we do not have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While we retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," Ou has challenged only factual determinations and the agency's exercise of discretion. The Court therefore lacks jurisdiction to review the agency's denial of asylum and dismisses the petition for review to that extent. *See, e.g., Xiao Ji Chen v. U.S. Dep't Justice,* 471 F.3d 315, 329–331 (2d Cir.2006).

▮ Substantial evidence supports the IJ's adverse credibility determination which was based on: (1) the inconsistency between Ou's testimony that she never had a passport issued by the Chinese government and her later testimony that she did have such a passport when confronted with the passport found in her possession when she was apprehended; and (2) the implausibility of her testimony that she unsuccessfully sought to file an asylum application for almost five years but only filed one after removal proceedings were instituted against her. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Ou's explanation for her inconsistent testimony—that she was nervous—would not compel a reasonable factfinder to credit it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005). And the IJ's implausibility finding was appropriately based on record evidence. Ou points to nothing in the record indicating that finding was erroneous. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007). The IJ's implausibility finding as to Ou's testimony regarding her attempts to file an asylum application, though ancillary to the details of her Falun Gong claim, implicated her credibility because it called into question whether her practice of Falun Gong and persecution based on that practice was the motivating factor for her departure from China. *See* 8 U.S.C. § 1101(a)(42). Thus, taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence.

Therefore, the IJ properly denied withholding of removal and CAT relief, because the only evidence that Ou would be persecuted or tortured depended on her credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong*

*Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.